FILED

2024 May-22  AM 11:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ] | |
| | ] | |
| | ] | |
| | ] | |
| **v.** | ] | **2:23-cr-328-ACA-GMB-1** |
| | ] | |
| **WAYMON LANAR ROBINSON, JR.,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## ORDER

Defendant Waymon Lanar Robinson, Jr. moved to suppress evidence and statements obtained after an investigatory stop. (Doc. 15). After an evidentiary hearing (doc. 32), the magistrate judge issued a report and recommendation that the court deny the motion to suppress (doc. 37). The magistrate judge recommended finding that Detective Deborah Streit's encounter with Mr. Robinson was a consensual encounter, not a *Terry* stop (*id.* at 7–12), and alternatively that officers had reasonable suspicion supporting a *Terry* stop because Mr. Robinson "was in a high-crime area near apparent criminal activity, walking away from a visible police presence, and clutching the front of his waistband" (*id.* at 12–16).

Mr. Robinson objects to the determination that the encounter was not a *Terry* stop and the alternative determination that the officers had reasonable suspicion supporting a *Terry* stop. (Doc. 38). With respect to reasonable suspicion,

Mr. Robinson contends that Detective Dakota Liles's testimony about what he saw and what he told other officers was not credible. (*Id.* at 3–7).

The court need not address Mr. Robinson's objection to the recommendation to find that the encounter was consensual because, even assuming the encounter was a *Terry* stop, the officers had reasonable suspicion that Mr. Robinson was engaging in criminal activity. *See United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007). Mr. Robinson argues that, absent Detective Liles's testimony, the officers lacked reasonable suspicion. (Doc. 38 at 4). But even excising Detective Liles's testimony, Detective Streit testified that these events occurred in a high crime area and she heard Detective Liles report a black man was walking down 51st Avenue North "attempting to distance himself from [the] area where the traffic stop occurred." (Doc. 32 at 128, 144). Detective Steven Stewart testified that he saw several men running away from the scene of the traffic stop, that he relayed this information over the radio, and that he heard Detective Liles radio a description of a black male placing something in his pants and walking away. (*Id.* at 107, 120, 123). Detective Jamichael White testified that Detective Stewart radioed that several people were running toward 51st Avenue North and that when he first saw Mr. Robinson (as Detective Streit was approaching him), Mr. Robinson was holding "the front of his waistband" and "looking around his shoulders." (*Id.* at 148, 166). These officers' credibility is not in question. (*See* doc. 38).

2

And that testimony establishes that, shortly after the traffic stop in a high crime area, Detective Streit received information that multiple black men had fled from the traffic stop. She saw Mr. Robinson walking down a nearby street, moving away from where the traffic stop occurred. Mr. Robinson was holding his waistband and looking around. Even absent Detective Liles's challenged testimony, reasonable suspicion existed to support a *Terry* stop. *See Lindsey*, 482 F.3d at 1290–91 (discussing the standard for reasonable suspicion); (doc. 37 at 14–16). The court **OVERRULES** Mr. Robinson's objections, **ADOPTS** the report, **ACCEPTS** the recommendation, and **DENIES** Mr. Robinson's motion to suppress.

　　**DONE** and **ORDERED** this May 22, 2024.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE